# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56565-0-II |
| Respondent, | |
| v. | |
| HOBERT WAYNE CLARK, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Hobert W. Clark appeals his convictions for second degree murder, second degree assault, and first degree unlawful possession of a firearm. Clark argues that the trial court violated his Sixth Amendment right to counsel by denying him the retained counsel of his choice. The trial court did not abuse its discretion in denying Clark's motion to substitute counsel only a few days before trial. Accordingly, we affirm.

## FACTS

On July 31, 2019, Clark was charged with two counts of second degree murder,[1] second degree assault, first degree assault, and first degree unlawful possession of a firearm. Clark's appointed counsel, Aaron Talney, filed a notice of appearance on August 5.

Clark's case was continued eight times between September 2019 and July 2021. Five of the continuances were requested jointly by both parties. One continuance was brought by the court

---

[1] Clark was charged with two alternative means of second degree murder relating to the death of Robert Paul Warner.

at the beginning of the COVID-19 pandemic. And two of the continuances were requested by Clark with the agreement of the State. Most of the continuances were because of additional discovery or scheduling. However, there was one continuance in August 2020 that was entered because Clark was trying to obtain private counsel.

A trial readiness hearing was held on September 10, 2021. Both parties stated they were ready for trial and that there were no scheduling issues with witnesses. A three to four week jury trial was scheduled to begin on October 5.

On September 30, Ephraim Benjamin filed a notice of appearance and a motion to allow substitution of counsel. At the hearing, Talney explained that Clark had been trying to obtain private counsel for a long period of time, but Clark had only recently been able to get the funds together. Because Clark had consistently been trying to retain private counsel, Talney did not believe the motion to substitute counsel was a delaying tactic. Benjamin agreed that Clark had been trying to retain him for a long time.

Talney confirmed with the trial court that he would be prepared for trial on October 5. Benjamin explained that he already developed a trial strategy, so he only needed time to review discovery and reach out to a potential defense witness. Benjamin estimated that he would be prepared for trial in four to six weeks. Benjamin argued that, under the United States Supreme Court opinion *Gonzalez-Lopez*,[2] it was structural error for the trial court to deny Clark his counsel of choice.

The State objected to granting the motion to substitute counsel. The State argued that the trial court was actually required to conduct a balancing of multiple factors identified in our

---

[2] *United State v. Gonzalez-Lopez*, 548 U.S. 140, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006).

Supreme Court's opinion in *Hampton*[3] to determine whether to grant the motion to substitute

counsel. The State noted that Clark had no complaints or cause for dissatisfaction with Talney's

performance. The State also questioned whether the case would actually be able to go to trial in

Benjamin's requested four to six weeks. The discovery in the case consisted of almost 1,000 pages

and 45 media disks. Furthermore, the State was concerned that there would be scheduling issues

due to the holidays and juror availability that would result in further delays.

The trial court stated:

All right. I read the *Gonzalez-Lopez* case. I've read the Washington cases, in particular, State v. Hampton, which is the one that sets out a number of factors that the state [sic] can consider in making this kind of determination.

As has been pointed out, this case is 791 days old. It's been around over two years. Mr. Clark has been in custody for over two years awaiting his trial date.

The State is ready. Their witnesses are ready. Mr. Talney is ready.

Mr. Clark had expressed a desire, in August of 2020, that he was going to hire his own attorney. There's been never any indication of any dissatisfaction with Mr. Talney. It's just a desire to have his own attorney to represent him.

That was not ever made part of any other orders for continuances. That was not addressed or raised at the time of the trial readiness hearing, which was held on September 10th, three weeks ago, where both sides declared that they were ready for trial.

It may be that the financial situation came together in the last week for Mr. Clark to reach out to Mr. Benjamin and to retain him. But it's not as simple as saying that under *Gonzalez-Lopez*, that automatically means that Mr. Clark gets his attorney, in particular when the Court has to balance a number of different factors in managing its cases, managing its dockets.

I understand that a request for a four-week delay does not, on its face, seem like a lengthy delay. However, the reality from this Court, being in this position for eight months, being on the bench for 11 1/2 years, having been in this position previously, having been in the system for a long time, a four-week request does not equal a four-week real[i]ty.

We are in strange times with COVID, in trying to manage cases and get cases out. And when we have parties that are ready, cases that are ready, it behooves us to send them out because things change quickly.

We don't have the full complement of courtrooms to be able to send cases out. We don't have the full complement of attorneys available to run these cases the way we would like to.

---

[3] *State v. Hampton*, 184 Wn.2d 656, 361 P.3d 734 (2015), *cert. denied*, 578 U.S. 948 (2016).

Verbatim Rep. of Proc. (VRP) (Oct. 1, 2021) at 21-22.

The trial court then explicitly went through all 11 factors the *Hampton* court held could be considered when deciding a motion to substitute counsel. First, the trial court found that making the request five days before trial was not sufficient to allow the trial court to readily adjust its calendar. Second, the trial court addressed the length of the continuance requested:

> Mr. Benjamin says he'll be ready in four weeks. He'd like four to six weeks. I'm saying that from my experience, I don't think that's realistic. I don't think that's going to happen. We're talking 1,000 pages of discovery, 45 discovery disks. Mr. Benjamin is not familiar with the case, hasn't seen the discovery, has had a meeting with Mr. Clark.
> Even if it was four weeks, we're talking about running then into conflicts with other cases. I've got a case that is ready to go to trial that I can send out on Tuesday.

VRP (Oct. 1, 2021) at 23. Third, the trial court found that whether a continuance would push the trial past the speedy trial date was not really a factor because the case had already been continued numerous times. Fourth, the trial court found that it had already granted previous continuances at Clark's request. Fifth, the trial court found there was no evidence that a continuance would seriously inconvenience the witnesses. Sixth, the trial court found that there were no specific grounds for discharging Talney and Clark did not promptly request a substitution of counsel because the request was made more than a year after he first expressed a desire to obtain private counsel. Seventh, the trial court found that whether Clark was negligent was not a relevant factor. Eighth, the trial court found that there was no legitimate cause for dissatisfaction with Talney's performance and that Clark simply expresses a preference for a private attorney. Ninth, the trial court found that Clark was not seeking a substitution of counsel primarily for the purpose of delay. Tenth, the trial court found that Talney was currently ready to go to trial. Eleventh, the trial court found that Clark had not established that denial of the motion to substitute counsel would result in

4

identifiable prejudice. Balancing all the factors, the trial court denied Clark's motion to substitute counsel.

After the jury trial began, Clark pleaded guilty to the amended charges of second degree murder, second degree assault, and first degree unlawful possession of firearm. The trial court sentenced Clark to a total of 312 months' confinement.

Clark appeals.

ANALYSIS

Clark argues that the trial court violated his Sixth Amendment right to retain counsel of his choice. Because the trial court did not abuse its discretion in denying Clark's motion to substitute counsel, we disagree. [4]

A.    LEGAL PRINCIPLES

The Sixth Amendment of the United States Constitution allows defendants who retain private counsel to retain the private counsel of their choice. *Hampton*, 184 Wn.2d at 662. However, the right to retain private counsel of choice is not absolute. *Id*. at 663. "[O]ne of the basic limits on the right to counsel of choice is 'a trial court's wide latitude in balancing the right to counsel of choice . . . against the demands of its calendar.'" *Id*. (alteration in original) (quoting *Gonzalez-Lopez*, 548 U.S. at 152). This requires the trial court to weigh "'the defendant's right to

---

[4] Clark asserts that the only motion before the trial court was the motion to substitute counsel and the trial court was not deciding a motion to continue. *See* Br. of Appellant at 20 ("It is important to keep in mind that the court's ruling in the present case was limited to the only motion before it—Mr. Clark's motion requesting the court to substitute the counsel he had retained for the counsel the court had appointed at his arraignment."). However, the record belies Clark's assertion. Benjamin clearly stated that he would need four to six weeks to review discovery and prepare for trial. Further, it was clear that the trial court's concern was the continuance that was requested. And, at no point did Benjamin state that he would be willing or able to proceed to trial on the currently scheduled trial date. The record establishes that the trial court was clearly being asked to consider a motion to substitute counsel contingent on granting a four to six week continuance.

choose his counsel against the public's interest in the prompt and efficient administration of justice.'" *Id*. (quoting *State v. Aguirre*, 168 Wn.2d 350, 365, 229 P.3d 669 (2010)).

When deciding whether to continue a case to allow a defendant to retain his counsel of choice, the trial court may consider "all relevant information," including the following 11 factors:

"(1) whether the request came at a point sufficiently in advance of trial to permit the trial court to readily adjust its calendar;
(2) the length of the continuance requested;
(3) whether the continuance would carry the trial date beyond the period specified in the state speedy trial act;
(4) whether the court had granted previous continuances at the defendant's request;
(5) whether the continuance would seriously inconvenience the witnesses;
(6) whether the continuance request was made promptly after the defendant first became aware of the grounds advanced for discharging his or her counsel;
(7) whether the defendant's own negligence placed him or her in a situation where he or she needed a continuance to obtain new counsel;
(8) whether the defendant had some legitimate cause for dissatisfaction with counsel, even though it fell short of likely incompetent representation;
(9) whether there was a 'rational basis' for believing that the defendant was seeking to change counsel 'primarily for the purpose of delay';
(10) whether the current counsel was prepared to go to trial;
(11) whether denial of the motion was likely to result in identifiable prejudice to the defendant's case of a material or substantial nature."

*Id*. at 669-70 (quoting 3 WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE §11.4(c) at 718-20 (3d ed. 2007)). "Not all factors will be present in all cases, and thus a trial court need not evaluate every factor in every case, but we will not prohibit a trial court from considering relevant information." *Id*. at 670.

We review the trial court's decision regarding whether to grant a motion to substitute counsel for an abuse of discretion. *Id*. "A trial court abuses its discretion when its decision 'is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons.'" *Id*. (quoting *State v. Blackwell*, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993)). "'A decision is based on untenable grounds or made for untenable reasons if it rests on facts unsupported in the record

or was reached by applying the wrong legal standard.'" *Id*. (internal quotation marks omitted) (quoting *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)). "'A decision is manifestly unreasonable if the court, despite applying the correct legal standard to the supported facts, adopts a view that no reasonable person would take, and arrives at a decision outside the range of acceptable choices.'" *Id*. at 670-71 (internal quotation marks omitted) (quoting *Rohrich*, 149 Wn.2d at 654).

B.     NO ABUSE OF DISCRETION

The record shows that the trial court made its ruling based on facts supported in the record, applied the correct legal standard, and arrived at a decision within the range of acceptable choices a reasonable person would make.  Thus, the trial court did not abuse is discretion in denying Clark's motion to substitute counsel.

First, the trial court did not base its decision on facts that were unsupported by the record. Benjamin informed the trial court that he would need four to six weeks to prepare for trial, and the State raised its own concerns regarding scheduling if the case were not to go to trial as scheduled. And there is nothing in the record that establishes Clark expressed dissatisfaction with Talney's performance or that Clark wanted to retain Benjamin for any reason other than the desire to have private counsel.  Therefore, the facts that were relevant to the trial court's decision were supported by the record.

Second, the trial court applied the correct legal standard.[5] *Hampton* expressly states that the trial court could consider all relevant information, including the 11 factors identified in the

---

[5] Clark fails to address the legal standard set out in *Hampton*.  Instead, Clark relies on case law from federal district and circuit courts that is not binding on this court.  *See Schuster v. Prestive Senior Management, LLC*, 193 Wn. App. 616, 630, 376 P.3d 412 (2016) (A state court is bound only by decisions of the United States Supreme Court; decisions of lower federal courts are only

opinion.  *Id*. at 669-70.  Here, the trial court correctly articulated the *Hampton* standards and went through each of the 11 identified factors in detail.  Therefore, the trial court applied the correct legal standard.  Because the trial court applied the correct legal standard to facts supported by the record, the trial court's decision was not based on untenable grounds or untenable reasons.

Third, the trial court's decision was not outside the range of acceptable choices that a reasonable person would make.  The trial court had to consider the effect of granting the substitution and preventing an otherwise ready case from proceeding to trial.  The trial court recognized that any continuance would not necessarily be as short as the requested four weeks because additional scheduling problems could arise, there were potential conflicts with other cases, and there was an extensive amount of discovery that Benjamin had to review in order to prepare.  Talney was ready to try the case and there is no identified dissatisfaction with Talney's representation of Clark.  It is the trial court's responsibility to manage its calendar, and it was reasonable for the trial court to choose to proceed with a ready case that was almost 800 days old rather than risk further delay and disruption to the court calendar.  The trial court did not adopt a view that no reasonable person would take and its decision was not outside the range of acceptable choices.  Therefore, the trial court's decision was not manifestly unreasonable.

---

persuasive.).  "In the absence of a United States Supreme Court decision, the weight we may give federal circuit and district court interpretations of federal law depends on factors such as uniformity of law and the soundness of the decisions."  *Id*. at 630.  Here, Clark has not identified any United States Supreme Court opinions that overrule our Supreme Court's opinion in *Hampton*.

Further, to the extent that Clark relies on the United States Supreme Court case, *Gonzalez-Lopez*, that case does not conflict with the standards set out in *Hampton*.  In *Gonzalez-Lopez*, the parties all agreed that the right to retain counsel of choice had been violated and the issue was what standard should be used to determine prejudice.  548 U.S. at 144.  *Hampton* recognized *Gonzalez-Lopez* but explained that nothing in *Gonzalez-Lopez* explained how to determine whether the right to counsel of choice was violated.  184 Wn.2d at 666-68.

Because the trial court's decision to deny Clark's motion to substitute counsel was not based on untenable grounds or reasons and it was not manifestly unreasonable, the trial court did not abuse its discretion. Therefore, the trial court did not err by denying Clark's motion to substitute counsel. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Price, J.